EDWARD T. FAHEY, Plaintiff in Error, *vs.* THE TOWN OF THE CITY OF BLOOMINGTON *et al.* Defendants in Error.

*Opinion filed June 24, 1915.*

1. ELECTIONS—*town clerk acts as ministerial officer in having ballots printed.* Under the Ballot act it is the duty of the town clerk to have the ballots printed for a town election, and in so doing he acts as a ministerial officer, and it is not his province to determine whether any act of the legislature is unconstitutional or to refuse to obey it; nor is it the province of the printer to decide whether the ballot conforms to the constitution and statutes.

2. SAME—*when the town is liable for cost of printing ballots.* Where the town clerk, following the provisions of the statute, orders ballots to be printed for use in the town election and the ballots are printed as ordered and are used at the election, the town is liable for the cost of the printing of the ballots; and the questions whether the ballots conformed to the law, whether the law under which they were printed was constitutional or whether the election was valid cannot be raised by the town to defeat its liability, nor by a tax-payer as ground for a bill to enjoin payment by the town.

FARMER, C. J., and COOKE, J., dissenting.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

D. D. DONAHUE, and SIGMUND LIVINGSTON, for plaintiff in error.

A. W. PEASLEY, City Attorney, (O'CONNELL & DOLAN, and W. W. WHITMORE, of counsel,) for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is a tax-payer's suit brought against the town of the city of Bloomington, its board of town auditors and the Pantagraph Printing and Stationery Company, to enjoin the payment of a bill of the Pantagraph Printing and Stationery Company, amounting to $102.35, for printing

the ballots for the election in the town of the city of Bloomington on April 7, 1914. The court sustained a demurrer to the bill as finally amended and dismissed it for want of equity, and the complainant sued out a writ of error from this court and insists that the constitutionality of two acts of the legislature, upon the invalidity of which he predicates his right to relief, is involved.

The bill avers that the town clerk caused ballots to be printed for the use of women voters and other ballots to be printed for the use of men voters, and caused to be printed upon all the ballots the proposition, "Shall this the town of the city of Bloomington become anti-saloon territory?" The two acts whose constitutionality is supposed to be involved are the Woman's Suffrage act of June 26, 1913, and the Local Option act of May 16, 1907, and various supposed violations of the constitution by the respective acts are set out in the bill and argued in the brief of the plaintiff in error. The city of Bloomington and the town of the city of Bloomington are co-extensive, the city and township elections were held together, and the names of candidates for city offices and township offices appeared on the same ballot. By an ordinance of the city the city clerk is also the town clerk. Copies of the ballots were attached as exhibits to the bill, from which it appears that candidates were to be voted for upon the democratic, republican and socialist tickets, respectively. Upon the women's ballots appeared the names of candidates for alderman, assessor and assistant supervisor. Upon the men's ballots, besides these names, appeared also the names of candidates for police magistrate, justice of the peace and constable. At the bottom of all the ballots appeared the proposition which has been before mentioned.

The constitutionality of the Woman's Suffrage act was sustained in the case of *Scown* v. *Czarnecki,* 264 Ill. 305, which was decided after this suit was begun, and we adhere to that decision. The constitutionality of the Local Option

act was sustained in *People* v. *McBride,* 234 Ill. 146. It is now assailed because it is alleged that it was never constitutionally enacted by the legislature. The constitutionality of section 7 of article 7 of the Township Organization act is also assailed. That section provides that in towns whose limits are co-extensive with those of a city the names of candidates for city and township offices may be printed on one ballot, and it is claimed that it violates the constitutional requirement that all elections shall be free and equal, because it deprives the voters of the township who have moved from one city ward to another within thirty days preceding the election, and thereby lost the right to vote at the city election, of the right to vote at the township election. However, whether either this section of the Township Organization act or the Local Option act is or is not constitutional cannot properly be determined in this case. The question of the constitutionality of these two laws, either or both, does not affect the right of the printer of the ballots which were used at the election to collect the pay for his material and labor.

Section 1 of the Ballot law approved June 22, 1901, requires the ballots at all elections for town officers to be printed and distributed at public expense and that no other ballots shall be used. Section 2 requires the printing and delivery of the ballots in town elections to be paid for by the town. Section 15 directs that the town clerk' in counties under township organization shall have charge of the printing of the ballots and shall furnish them to the judges of election in all town elections to which the act applies. For the town election to be held in the town of the city of Bloomington the town clerk was authorized to have ballots printed, and it was his duty to do so and furnish them to the judges of election. Whether the election should be held in connection with that of the city of Bloomington or not; whether the ballot should contain the names of city officers as well as of town officers or not; whether the

proposition that the town should become anti-saloon territory should be printed on the ballot or not, and whatever might be the form of such proposition if it were so printed, the town clerk was the officer charged with the duty of having the ballots to be used at the town election printed and delivered to the judges of election. The town clerk is a ministerial officer, and in causing the ballots to be printed he acts in a ministerial capacity and not as a judicial officer. ' It is not his province to determine the constitutionality of any act of the legislature or refuse to observe it. Nor is it the province of the printer to decide whether the ballot conforms to the constitution and the statutes. The questions raised here as to printing the names of city and township officers on one ballot, as to printing on the ballot the question whether the town shall become anti-saloon territory and also the form of the question, as to whether the printing of the *fac simile* of the clerk's signature as city clerk instead of town clerk would invalidate the ballot, were not for the printer to determine. These were legal questions, which he might not be able and was not bound to answer. The town clerk was authorized to have ballots printed for the election, and his act in doing so bound the town to pay for them. The town clerk and the printer apparently acted in good faith, relying upon the statutes and supposing their acts were in accordance with the law. The town has had the benefit of the ballots. It is to be presumed that the election was held with them, officers were elected, and the question as to whether the town should become anti-saloon territory determined. The town clerk having ordered ballots of this particular kind, the town, having used them, cannot now set up that they were not the kind of ballots the town clerk should have furnished and therefore the town will not pay for them. The town itself having no defense against the account there is no equity in the tax-payer's bill to enjoin its payment. The law provides a method by which the persons

interested in these offices or this question may procure a decision of the questions here sought to be raised. It can not be done in this proceeding.     *Decree affirmed.*

FARMER, C. J., and COOKE, J., dissenting.