Williams, J.
 

 In our judgment the decision of this case hinges on the question of estoppel. Assuredly the bonds and mortgage were not absolutely void. On the other hand several irregularities are claimed but all but two may be dismissed without further consideration. The two that must be noticed are: (a) The method by which the bonds were sold and (b) the issuance thereof before the lapse of thirty days after the passage of the ordinance on July 8, 1939, authorizing them, which period must transpire before the ordinance could become effective.
 
 City of Middletown
 
 v.
 
 City Commission,
 
 138 Ohio St., 596, 37 N. E. (2d), 609.
 

 But these irregularities could not prevail to defeat the validity of the bonds in the hands of
 
 bona fide
 
 purchasers for value before maturity if the recital in the bonds was such as would work an estoppel. Nearly all, if not all, of the bonds are in the hands of purchasers of that kind. We must, therefore, look to the recital in the bonds which reads as follows: “It is hereby certified and recited that all acts, conditions and things necessary to be done precedent to and in the issuing of these bonds in order to make them the legal, valid and binding obligations of the village in accordance with their terms, and in authorizing the execution and delivery of the indenture securing these bonds, have been done and performed and have happened in regular and due form as required
 
 *262
 
 by law; that the fiscal officer of the village of Amherst has, on its behalf, received payment in full for said bonds, and that said bonds are not governed by or subject to any constitutional, statutory or other limitation upon the amount of the bonded indebtedness prescribed by law for the village.”
 

 Since mortgage revenue bonds are not amenable to the Uniform Bond Act
 
 (City of Middletown
 
 v.
 
 City Commission, supra)
 
 much that is stated in
 
 State, ex rel. Alden Corp.,
 
 v.
 
 Village of Solon,
 
 132 Ohio St., 362, 7 N. E. (2d), 550, is inapposite. However some of the authorities cited in the latter case bear generally upon the question of estoppel by recital because in the absence of statute one must look to the common law.
 

 At the outset it should be borne in mind that if the village is estopped the plaintiff taxpayer is likewise estopped.
 
 Warfield
 
 v.
 
 Anglo & London Paris Natl. Bank,
 
 202 Cal., 345, 260 P., 881;
 
 New Orleans
 
 v.
 
 New Orleans Waterworks Co.,
 
 142 U. S., 79, 35 L. Ed., 943, 12 S. Ct., 142;
 
 Fahey
 
 v.
 
 City of Bloomington,
 
 268 Ill., 386, 109 N. E., 292. So we must carefully consider the action taken by the village and its effect.
 

 The village council had authority to inquire into the facts covered by the recital and, even though the facts recited later proved inaccurate, there was nothing in the bonds themselves to disclose the irregularities. The recitals were calculated to justify the belief to an innocent purchaser that the bonds were regularly issued. Now, a general recital that bonds are issued in conformity to legal and statutory requirements and that all things have been done, prior to and in issuance thereof, necessary to make them valid, is sufficient to afford protection to
 
 bona fide
 
 purchasers for value before maturity, provided the municipal officers causing the bonds to be issued have express or implied authority to issue them, and provided further the defects are merely irregularities which do not render the
 
 *263
 
 bonds void. See 86 A. L. R., 1084, annotation V D, and cases cited.
 

 We are therefore of the opinion that the plaintiff is estopped from asserting such irregularities to defeat the bonds.
 

 The judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner and Zimmerman, JJ., concur.
 

 Matthias and Hart, JJ., dissent.
 

 Bettman, J., not participating.