# THE ATTORNEY GENERAL
# OF TEXAS



**WILL WILSON**
**ATTORNEY GENERAL**

July 23, 1959

This Opinion
Overrules Opinion

*Q-5/23*

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin 11, Texas

Opinion No. WW-671

Re: Questions relating to
issuance of salary war-
rants to the President
of Texas Southern Uni-
versity.

Dear Mr. Calvert:

We have your letter of July 7, 1959, in which
you ask the following question:

"I will thank you to advise me
whether the funds paid by salary
warrants issued to Dr. S. M. Nabrit,
President of Texas Southern Universi-
ty, during his tenure on the National
Science Board result in his being in-
debted to the State of Texas and
whether that amount must be repaid to
the State before future warrants may
be issued to him."

In Attorney General's Opinion No. WW-639 (1959)
we advised you that Section 33 of Article XVI of the
Constitution of Texas prohibited warrants for payment
of salary from being issued to Dr. Nabrit "so long as
he remains on the National Science Board". We have
been advised that no such warrants have been issued to
Dr. Nabrit after you received notice of his service on
that Board.

It has been consistently held that Section 33 of
Article XVI of the Constitution of Texas forbids the
Comptroller from drawing or paying a warrant upon the
Treasury in favor of a person holding another position
of honor, trust or profit. That section is prohibitory

only in its application against the accounting officer of the State and does not deal with the right to reimbursement of the official concerned. (Attorney General's Opinion 0-5157 (1943))

If the Comptroller draws a warrant to a person holding such a dual position after the Comptroller is notified of or is charged with constructive knowledge of the facts, he has violated Section 33. Were a person paid by State warrants on two separate payrolls, the Comptroller probably would be charged with constructive knowledge of such fact, and warrants issued under those circumstances would be issued in violation of Section 33 of Article XVI. However, in the instant case, the Comptroller had neither actual nor constructive knowledge that Dr. Nabrit held a position of honor, trust or profit under the Federal Government until the latter part of May, 1959. Notice is usually defined as "information concerning a fact actually communicated." (31 Tex.Jur. 385, Notice, Sec. 2.) Without knowledge, the Comptroller could not be legally liable for making the payments to Dr. Nabrit.

We are advised that Dr. Nabrit resigned his position on the National Science Board on June 11, 1959. He no longer holds the two positions of honor, trust or profit, and is entitled to receive the warrants for his salary from that date, unless some other prohibition exists.

Article 4350, Vernon's Civil Statutes, reads in full as follows:

> "No warrant shall be issued to any person indebted to the State, or to his agent or assignee, until such debt is paid."

If the circumstances under which Dr. Nabrit has received his State salary warrants during his service on the National Science Board result in his being "indebted" to the State, the Comptroller would be prohibited from issuing any further warrants to him until such indebtedness is repaid. If Dr. Nabrit is not "indebted" to the State, we see no prohibition against resuming his salary payments.

We are not here concerned with the line of cases involved in State v. Steck Co., 236 S.W.2d 866 (error ref.). Dr. Nabrit was paid his salary pursuant to the appointment and actual service rendered the State as President of Texas

Southern University. The warrants were issued and paid pursuant to a valid appropriation supported by pre-existing law.

There is language in Attorney General's Opinion No. O-5123 (1943) to the effect that if an employee receives state warrants while holding a position of honor, trust or profit under the Federal Government, he is "indebted" to the State for that amount. That language is unsupported by cited authority.

In the case of Wichita County v. Robinson, 155 Tex. 1, 276 S.W.2d 509 (1955), we find a somewhat analogous principle. Robinson, as County Tax Assessor, had received fees under a statute the Supreme Court later declared to be unconstitutional. He had performed services for which the fees were paid him. In the original opinion, the Supreme Court held that all money so received must be repaid to the County. However, on rehearing the Court considered whether public servants receiving funds in complete good faith under such circumstances should be "punished" or whether "their rights are to be protected."

The Supreme Court said:

". . . The services have been performed by the Tax Collector. A part of the compensation allowed by the statute was paid to him by the Commissioners Court. All parties acted in good faith and we think it would be inequitable under the circumstances here to require the respondent to repay the compensation so paid to him.

"We therefore hold that the County is not entitled to recover from the respondent the compensation which had been paid him in reliance upon the validity of the law and on the advice of the Attorney General."

To employ the language of the Supreme Court of Texas in the Wichita County case, supra, we believe that "it would be inequitable under the circumstances here to require (Dr. Nabrit) to repay the compensation so paid to him." The complete good faith of Dr. Nabrit cannot be questioned. There was no direct holding, insofar as we can ascertain, by either this office or by the courts, prior to the issuance of Attorney General's Opinion WW-639

(1959), that Dr. Nabrit's State salary warrant could not be drawn on the Treasury while he served as a member of the National Science Board. He served as College President, did the work, performed the duties, and the State received the benefit of his work for which he has been paid. Under these circumstances, Dr. Nabrit is not "indebted" to the State.

In our opinion, the Supreme Court has settled the question contrary to the language in Attorney General's Opinion O-5123 (1943) and the same is overruled to the extent of such conflict.

Under the attending circumstances, we do not believe Dr. Nabrit is liable to repay the sums involved to the State; hence, we do not believe he is indebted to the State within the meaning of Article 4350. Therefore, the Comptroller is not prohibited from issuing salary warrants to Dr. Nabrit for his service as President of Texas Southern University up to the date the Comptroller gained actual knowledge of his service on the National Science Board and from issuing salary warrants for his service subsequent to June 11, 1959.

Both of your questions are answered in the negative.

### SUMMARY

Under the facts presented, the President of Texas Southern University is not "indebted" to the State under Article 4350, Vernon's Civil Statutes; hence, he is not obliged to repay the amount of salary warrants he has received before future warrants may be issued to him. Opinion O-5123 (1943) has been overruled to the extent of conflict.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling
Tom I. McFarling
Assistant

TIM:zt:rm

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Grundy Williams
Elmer McVey
Joe Allen Osborn
Paul W. Floyd, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert