

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 5, 1964

Honorable Henry Wade
District Attorney
Dallas, Texas

Dear Mr. Wade:

Opinion No. C-326

Re: Use of the change fund
created by the provisions
of Article 1630b, V.C.S.,
by county officials, and
related questions.

Your request for an opinion on the above subject matter asks the following questions:

"1. Is the law violated, and if so what is the penalty, when a valid county warrant, payable on demand, is cashed by a public employee or official out of a duly authorized change fund?

"2. Is the law violated, and if so what is the penalty, when a valid county warrant, payable on demand, or otherwise, is cashed by a public employee or official out of receipts of a county office for taxes, fees, sales, services, rentals, deposits or other purposes?

"3. Is the law violated, and if so what is the penalty, when a valid county warrant, payable on demand or otherwise, is cashed by a public employee or official out of his personal funds?

"4. Is the law violated, and if so what is the penalty, when a personal check or draft of an employee, the official or another person, is cashed by a public employee or official out of a duly authorized change fund?

"5. Is a law violated, and if so what is the penalty, when a personal check or draft of an employee, the official or another person, is cashed by a public employee or official out of receipts of a county office for taxes, fees, sales, services, rentals or other purposes?"

-1556-

Article 1630b, Vernon's Civil Statutes, provides:

"Section 1.  The Commissioners Court of
any county having a population of over six
hundred thousand (600,000) by the last preced-
ing Federal Census may set aside from the gener-
al fund an amount not to exceed One Thousand
Dollars ($1,000) for the use of any county or
district official collecting public funds as a
change fund which said fund is to be used only
for making change in connection with collec-
tions due and payable to the county, the State
of Texas or any political subdivision for which
collections are lawfully made by said county or
district official.

"Sec. 2.  The bond of each and every public
official who receives such a change fund shall
cover his responsibility for the correct account-
ing and disposition of said change fund.

"Sec. 3.  It shall be unlawful to use such
change fund for making loans or advances, or for
cashing checks or warrants of any kind.

"Sec. 4.  The Commissioners Court shall with-
in its discretion have the right to recall any
part or all of said change funds at any time."

The provisions of Article 1630b, above quoted, are appli-
cable to Dallas County since Dallas County has a population of
927,609 inhabitants according to the last preceding Federal Cen-
sus.  Under the provisions of Article 1630b, the Commissioners
Court of Dallas County is authorized to set aside from the gener-
al fund an amount not to exceed $1,000.00 for the use by any
county or district official collecting public funds, as a change
fund.  Section 1 of the Act specifically states that the change
fund is to be used only for making change in connection with col-
lections due and payable to the county, State or any political
subdivision.  Section 3 of the Act specifically prohibits the mak-
ing of loans or advances, and it specifically prohibits cashing
checks or warrants of any kind.  Section 2 of the Act requires
that every public official who receives such a change fund shall
cover his responsibility for the correct accounting and disposi-
tion of said fund by a bond.

In answer to your first question, you are therefore advis-
ed that the cashing of a county warrant by a public official out

of the change fund constitutes a violation of the provisions of Article 1630b. No specific penalty is provided in the Act for its violation; however, the surety and the public official on the bond prescribed by Section 2 of Article 1630b would be liable if a loss occurs through a violation of the provisions of Article 1630b.

Article 2551, Vernon's Civil Statutes, provides for the selection of county depositories. Article 2552 provides that it shall be the duty of the county depository to pay upon presentment at the county seat of the county all checks or warrants drawn by the county treasurer upon the funds of said county deposited in the said depository as long as such funds shall be in the possession of such depository subject to such checks or warrants. Article 2554, Vernon's Civil Statutes, provides in part:

"It shall be the duty of the county treasurer upon the presentation to him of any warrant, check, voucher, or order drawn by the proper authority, if there be funds sufficient for the payment thereof on deposit in the account against which such warrant is drawn, to endorse upon the face of such instrument his order to pay the same to the payee named therein and to charge the same on his books to the fund upon which it is drawn. . . ."

County warrants are required to be cashed in the manner prescribed by the provisions of Articles 2552 and 2554, and we know of no statutory provision authorizing other county officials to cash county warrants. On the contrary, Section 61 of Article XVI of the Constitution of Texas requires that the officials covered by your request be compensated on a salary basis and further requires that all fees earned by county officials shall be paid into the county treasury for account of the proper fund. Wichita County v. Robinson, 155 Tex. 1, 276 S.W.2d 509 (1955).

In construing the provisions of Article 2554, Vernon's Civil Statutes, it was held in Attorney General's Opinion V-1343 (1951):

"The county treasurer is not authorized to draw a check upon the county depository and take up a warrant drawn by the proper authority. It is the duty of the county treasurer to endorse the warrant as prescribed by Article 2554 and deliver it to the payee, and the payee should present the warrant to the depository for payment. Att'y Gen.Op. 0-4462 (1942). Further,

   "there is no express or implied authority for
   the county treasurer to withdraw moneys from the
   jury fund in the county depository."

   A similar conclusion was reached in Attorney General's
Opinion WW-675 (1959) concerning disposition of fees received by
the county tax assessor-collector for performing assigned duties
and for assessing and collecting taxes for an independent school
district.

   It is our opinion that the principles of law governing
disposition of fees of office are equally applicable to other of-
ficial receipts of a county office and that all receipts must be
deposited in the proper fund. Therefore, you are advised that the
cashing of a county warrant out of receipts of a county office is
not authorized.

   Whether a violation of the penal laws of the State of Texas
occurs in cashing of a county warrant by a county official is
dependent upon facts which are not presented in your request, e.g.,
did such act result in a loss to the county; was there a misappro-
priation of public monies to private use; did the county official
become in any way interested in the county warrant, in violation
of Article 371, Vernon's Penal Code. The answers to these ques-
tions are dependent upon other facts not stated in your request.

   The conclusions reached with reference to a county warrant
would be equally applicable to cashing of a personal check or
draft, with the exception that the provisions of Article 371 would
not normally be applicable to personal checks. You are therefore
advised that cashing of county warrants and personal checks out of
receipts of a county office is not authorized. Any loss resulting
from such acts could be recovered on the county official's bond.
Whether such acts constitute a violation of the Penal Code is de-
pendent upon facts not stated in your request.

SUMMARY

   County warrants cannot be cashed by a
   public employee or official out of a duly au-
   thorized change fund; neither can county war-
   rants or personal drafts be cashed out of the
   receipts of a county office.

                           Yours very truly,

                           WAGGONER CARR
                           Attorney General

                        By John Reeves
                           John Reeves
JR:ms                      Assistant

Hon. Henry Wade, page 5 (C-326)


APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Gordon Cass
Malcolm L. Quick
Brady Coleman
V. F. Taylor

APPROVED FOR THE ATTORNEY GENERAL
By:  Roger Tyler