

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 5, 1962

Honorable Earl C. Fitts
County Attorney
Montague County
Montague, Texas

Dear Mr. Fitts:

Opinion No. WW-1483

Re: Constitutionality of
the provisions of Arti-
cle 1436-1, Sections
57 and 57a, Vernon's
Penal Code.

In your letter requesting an opinion of this office,
you specifically inquire:

"Do the amendments to Section 57 and the
addition thereto of Section 57a correct the
objections set <u>forth</u> in the opinion rendered
in the Robinson case above cited?  Or are the
provisions of Sections 57 and 57a still a
violation of Section 61 of Art. XVI, Consti-
tution of Texas?"  (Emphasis added)

Article 1436-1, Section 57, Vernon's Penal Code,
prior to the amendment of 1955, read in part as follows:

". . .provided further, that in counties
in which the designated agent is compensated
on a fee basis, he shall be entitled to retain,
as added compensation, the fund created by the
twenty (20%) percent of the twenty-five (25¢)
cents above set aside; and in counties where he
is compensated on a salary basis, the Commissioners
Court shall fix and allow, as additional salary
for the duties required under this Act, a sum
annually not less than fifty (50%) percent and
not more than the total of the special salary
fund created by setting aside one-fifth (1/5)
of such twenty-five (25¢) cents fee retained,
any excess to be paid into the Road and Bridge
Fund of the county."

Article XVI, Section 61, Constitution of Texas, pro-
vides in part:

"All district officers in the state of Texas
and all county officers in counties having a pop-
ulation of twenty thousand (20,000) or more, accord-
ing to the then last preceding Federal Census, shall
be compensated on a salary basis. . . .

"All fees earned by district, county and
precinct officers shall be paid into the county
treasury where earned for the account of the proper
fund, . . .provided that where any officer is com-
pensated wholly on a fee basis such fees may be
retained by such officer or paid into the treasury
of the county as the Commissioners Court may direct.
. . ."

In Wichita County v. Robinson, 155 Tex. 1, 276 S.W.2d
509 (1954), the Supreme Court of Texas held that the additional
compensation to be paid the Tax Assessors-Collectors under the
provisions of Article 1436-1, Section 57, supra, constituted
"fees of office" and therefore was in conflict with Article
XVI, Section 61 of the Texas Constitution.

Justice Culver, speaking for the Court in the Wichita
County case, stated:

"While the Legislature in authorizing the
Commissioners Court to fix a sum not less than
fifty per cent and not more than one hundred per
cent of the salary fund denominates it 'as addi-
tional salary' the term used is not controlling.
The fund is created by setting aside a part of the
fee received for the issuance of title certificates.
The compensation is contingent upon collection of the
fees paid into that fund. . . ."

On motion for rehearing, we find the following:

"The Legislature imposed certain additional
duties upon the Tax Collector and clearly intended
for him to be compensated therefor. The error was
in fixing the manner of paying that compensation.
. . ."

From the language found in the Wichita County case,
we can conclude that additional compensation for services per-
formed by Tax Assessors-Collectors, is not within itself void.

The problem is in the method devised to provide the payment of the additional compensation.

By Senate Bill 379, Acts 1955, Chapter 452, page 1172, the 54th Legislature amended Article 1436-1, Section 57, pertaining to the additional compensation part, to read:

". . .'In counties in which the County Tax Assessor-Collector is compensated on a salary basis, he shall turn the Twenty-five Cents (25¢) over to the County Treasurer for deposit in the Officers' Salary Fund; provided further, that in counties where the County Tax Assessor-Collector is compensated on a salary basis, the Commissioners Court shall fix and allow as additional or supplemental salary for the duties required of him under this Act not less than the minimum nor more than the maximum provided for in the scale which follows:

"'In counties of less than twenty thousand inhabitants, not less than Ten Dollars ($10) nor more than Twenty Dollars ($20) per month; in counties having a population of not less than twenty thousand nor more than forty thousand inhabitants, not less than Twenty Dollars ($20) nor more than Thirty Dollars ($30) per month; in counties having a population of not less than forty thousand and one, and not more than sixty thousand inhabitants, not less than Thirty Dollars ($30) nor more than Fifty Dollars ($50) per month; in counties having a population of not less than sixty thousand and one inhabitants nor more than one hundred thousand inhabitants, not less than Fifty Dollars ($50) nor more than Seventy-five Dollars ($75) per month; in counties having a population of not less than one hundred thousand and one inhabitants and not more than one hundred sixty-five thousand, not less than Seventy-five Dollars ($75) nor more than One Hundred ($100) Dollars per month; in counties having a population of not less than one hundred sixty-five thousand and one inhabitants and not more than two hundred thousand, not less than One Hundred Dollars ($100) nor more than Two Hundred Dollars ($200) per month; in counties having a population of two hundred thousand and one inhabitants or more, not less than Two Hundred Dollars ($200) nor more than Two Hundred Fifty Dollars ($250) per month.

Honorable Earl C. Fitts, page 4 (WW-1483)

"'The added or supplemental salaries for
administering the Certificate of Title Act in
counties where the County Tax Assessors-Collec-
tors are compensated on a salary basis shall be
paid out of the Officers' Salary Fund of the res-
pective counties. The last preceding Federal
Census shall govern as to population in all
cases under the provisions of this Act.'"

In Section 2 of Senate Bill 379, supra, which is
now codified as Section 57a of Article 1436-1 supra, the Legis-
lature stated:

"Sec. 2. It is the intention of the Legis-
lature that the compensation provided for Tax
Assessors-Collectors by this Act shall be in
addition to their regular compensation regardless
of whether they are compensated on a fee or
salary basis."

Section 3 of Senate Bill 379 reads in part:

"Sec. 3. The fact that the 52nd Legis-
lature in 1951 sought to provide additional
compensation for County Tax Assessors-Collectors
for their services in administering the Certifi-
cate of Title Act and the fact that the present
law has been held invalid, resulting in confusion
in the administration thereof and imposing many
hardships on County Tax Assessors-Collectors,
create an emergency and an imperative public
necessity. . ."

The very language used by the Legislature in Section
3 quoted above reflects that they were cognizant of the holding
in Wichita County v. Robinson, supra, and is clear evidence of
the Legislatures' intent to enact a statute by which additional
compensation could be legally paid Tax Assessors-Collectors for
duties performed under Article 1436-1, supra.

In order to accomplish this objective, the Legislature
adopted in Senate Bill 379, supra, a scale by which additional
compensation would be paid the Tax Assessors-Collectors. This
salary scale provides compensation which ". . .is fixed and
certain. irrespective of work done, labor performed, or money
collected" and it is not "a fee for particular work done and
contingent upon being earned." See Wichita County v. Robinson,
supra, at page 514.

In Greer v. Hunt County, 249 S.W. 831 (Comm.App., 1923), which was cited by the Supreme Court in Wichita County v. Robinson, supra, the following is set forth:

"'. . .The controlling element in determining whether the amount to be received is upon a commission or salary basis is whether that amount, by whatever name it may be called, is absolute and fixed regardless of what the lawful commissions may be, or is made contingent upon earning that amount as commissions.'"

It is the opinion of this office that the salary scale contained in Article 1436-1, Section 57, supra,". . . is absolute and fixed regardless of what the lawful commissions may be . . ."

We are therefore of the opinion that Senate Bill 379, Acts 1955, 54th Legislature now codified as Article 1436-1, Sections 57 and 57a, is not in conflict with Article XVI, Section 61, Constitution of Texas, and is constitutional as to the additional or supplemental salary provided for Tax-Assessors-Collectors who are compensated on a salary basis.

Further, we are of the opinion that the provisions contained in Article 1436-1, Section 57, providing for supplemental compensation for Tax Assessors-Collectors who are compensated on a fee basis, is in conformity with Article XVI, Section 61 of the Texas Constitution and is therefore valid.

## S U M M A R Y

The provisions for additional or supplemental compensation payable to Tax Assessors-Collectors for services rendered in performance of their duties under Article 1436-1, Vernon's Penal Code, contained in Sections 57 and 57a of Article 1436-1, supra, is not in conflict with Article XVI, Section 61 of the Texas Constitution and is therefore a valid exercise of legislative power.

Sincerely,

WILL WILSON
Attorney General of Texas

Ogden L. Bass, Jr.
Assistant

OLB:ms:mkh

APPROVED
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
L. P. Lollar
Tom Peterson
Bob Shannon

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore