

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 10, 1967

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. M-37

Re: Whether the Comptroller
of Public Accounts can
include King County in
the apportionment payment
under Article 3912e, V.C.S.,
when all County officers
will be paid on a salary
basis and the County and
District Clerk, in addition
to the salary payment, will
retain the fees of office
and related question.

Dear Mr. Calvert:

Your request for an opinion of this office reads, in part, as follows:

"King County is a County under 20,000 population and for several years the Commissioners Court has elected to place all of the County officers on a salary basis.
. . .

". . .

"This County submitted an amended order placing the County and District Clerk on a salary basis of $340.00 per month and to retain the fees of office.

". . . I shall appreciate your opinion as to whether this department can include King County in the apportionment payment for the year 1967 under these orders. In the event you hold that King County is entitled to the apportionment; could this department

- 172 -

pay the District Clerk any fees of office.
There is no litigation pending which would
have a bearing in this matter."

In order to clearly set out the facts, in regard
to this particular question, we are quoting the pertinent
portions of the order of the Commissioners Court of King
County, Texas, made January 11, 1967:

"SALARIES AND FEES OF COUNTY ELECTED OFFICIALS

A motion was made by J. C. Moorhouse and
duly seconded by Louis Burfiend to place Sybil
Z. Hensley, County and District Clerk of King
County, Texas, on fee basis for the year 1967.
All other County Officials of King County,
Texas, to be retained on Salary Basis for cal-
endar year 1967. A vote was called and all
members voted in favor of said motion."

Thereafter under date of February 13, 1967, the
Commissioners Court of King County, Texas, passed the follow-
ing order:

"AMENDMENT TO ORDER PASSED JANUARY 11, 1967

A motion was made by J. C. Moorhouse and
duly seconded by Louis Burfiend to amend the
Minutes of an Order passed January 11, 1967,
which shall read as follows: All County
Officials shall remain on a Salary Basis as
set out in that order, with the exception of
the County and District Clerk, who is hereby
placed on a salary of $340.00 per month and
retain the fees of office. A vote was called
and all members voted in favor of said motion."

Section 61 of Article XVI of the Texas Constitution
provides as follows:

"Sec. 61. All district officers in the
State of Texas and all county officers in

- 173 -

counties having a population of twenty thousand (20,000) or more, according to the then last preceding Federal Census, shall be compensated on a salary basis. In all counties in this State, the Commissioners Courts shall be authorized to determine whether precinct officers shall be compensated on a fee basis or on a salary basis, with the exception that it shall be mandatory upon the Commissioners Courts, to compensate all constables, deputy constables and precinct law enforcement officers on a salary basis beginning January 1, 1949; and in counties having a population of less than twenty thousand (20,000), according to the then last preceding Federal Census, the Commissioners Courts shall also have the authority to determine whether <u>county officers shall be compensated on a fee basis or on a salary basis</u>, with the exception that it shall be mandatory upon the Commissioners Courts to compensate all sheriffs, deputy sheriffs, county law enforcement officers including sheriffs who also perform the duties of assessor and collector of taxes, and their deputies, on a salary basis beginning January 1, 1949.

"All fees earned by district, county and precinct officers shall be paid into the county treasury where earned for the account of the proper fund, provided that fees incurred by the State, county and any municipality, or in case where a pauper's oath is filed, shall be paid into the county treasury when collected and provided that where any officer is compensated wholly on a fee basis such fees may be retained by such officer or paid into the treasury of the county as the Commissioners Court may direct. All Notaries Public, county surveyors and public weighers shall continue to be compensated on a fee basis." Added Aug. 24, 1935, as amended Nov. 2, 1948. (Emphasis added.)

The Judiciary Section - Comptroller's Department Appropriation (H.B. 12, Acts 59th Legislature, p. 1690) provides the following on pages 1690-91:

|  | For the years Ending | |
|  | August 31, 1966 | August 31, 1967 |
|---|---|---|
| "9. Apportionment to counties where county officers are paid salaries. . . . Should any county by election of the Commissioners Court, change from a salary to a fee basis during this biennium, the Comptroller shall make adjustments in the appropriations by transferring the correct amount from this appropriation to the appropriation made for paying fees and costs of sheriffs and other county officials. | 611,397 | 611,397 |
| "10. Fees and Costs paid to sheriffs, attorneys and clerks in felony cases, and fees of county judges, county attorneys, justices of the peace, sheriffs and constables in examining trials where indictments are returned. . . . | $ 15,000 | $ 15,000" |

Since Section 10, above quoted, is appropriated for the purpose of paying fees, said section could not be used for payment of any salaries. Section 9, however, is appropriated for the purpose of apportionment to counties where the county officers are paid on a salary basis. The apportionment is to be made by Sec. 6(a) of Article 3912e which provides:

"In counties wherein the county officials are on a salary basis, in addition to the monies deposited in said Officers' Salary Fund or funds under the provisions of Sections 1, 3, and 5 of this Act there shall be deposited therein . . . such sums as may be apportioned to such county under the provisions of this Act, out of the available appropriations made by the Legislature for such purposes, provided, however, that in counties where the Commissioners' Court is authorized to determine whether county officers shall be compensated on a salary basis, no apportionment shall be made to such county until the Comptroller of Public Accounts shall have been notified of the order of the Commissioners' Court that the county officers of such county shall be compensated on a salary basis for the fiscal year, and in that case the first quarterly payment of such apportionment shall be made in fifteen (15) days after receipt of such notice by the Comptroller, and the remaining payments on the dates hereinabove prescribed. It shall be the duty of the Comptroller of Public Accounts to annually apportion to all counties in which the county officers are to be compensated on the basis of a salary any monies, appropriated for said year for such apportionment; each county entitled to participate in such apportionment shall receive for the benefit of its Officers' Salary Fund or funds its proportionate part of the appropriation which shall be distributed among the several counties entitled to partici-pate therein, on the basis of the per capita population of each county according to the last preceding Federal Census."

Section 2 of Article 3912e, V.C.S., provides, in part, as follows:

". . . In counties having a population of less than twenty thousand (20,000) inhabi-tants according to the last preceding Federal

Census, it shall likewise be the duty of the Commissioners' Court, by its order duly made and entered of record at its first regular meeting in January of each calendar year, to determine whether county officers of such county (excluding county surveyors, registrars of vital statistics and notaries public) shall be compensated for the fiscal year on the basis of an annual salary or whether they shall be compensated on the basis of fees earned by them in the performance of their official duties, and it shall also be the duty of the county clerk to forward to the Comptroller of Public Accounts of the State of Texas, on or before the 31st day of January, a certified copy of said order of said Commissioners' Court." (Emphasis added.)

Section 3 of Article 3912e, V.C.S., provides, in part, as follows:

"Sec. 3. In all cases where the Commissioners Court shall have determined that county officers or precinct officers in such county shall be compensated for their services by the payment of an annual salary, neither the State of Texas nor any county shall be charged with or pay to any of the officers so compensated, any fees or commission for the performance of any or all of the duties of their offices but such officers shall receive said salary in lieu of all other fees, commissions or compensation which they would otherwise be authorized to retain; . . ." (Emphasis added.)

In the case of Wichita County v. Robinson, 155 Tex. 1, 276 S.W.2d 509 (1954), the Court, in construing Section 61, Article XVI, Constitution of Texas, held that an Act (Art. 1436-1, Section 57, Vernon's Penal Code) passed by the Legislature to allow additional compensation in the form of fees of office for a County Tax Assessor-Collector who was paid on

a salary basis was unconstitutional.

In conformity with the holding in the above case that portion of the Commissioners Court order passed on February 13, 1967, whereby the Commissioners Court authorized the County and District Clerk to retain the fees of office as part of her compensation is void and unconstitutional and she is only authorized to receive the salary as authorized by such order.

Therefore the King County officials are on a salary basis and your department can include King County, Texas, in the apportionment payment for the year of 1967.

Your department is not authorized to pay the District Clerk any fees of office, by virtue of the provisions of Section 3 of Article 3912e.

## S U M M A R Y

Under the facts submitted the Comptroller of Public Accounts is authorized to include King County in the apportionment payment under Section 6(a), Article 3912e, V.C.S.

The Comptroller of Public Accounts is not authorized to pay the County and District Clerk of King County, Texas, any fees of office, by virtue of the provisions of Section 3, Article 3912e, V.C.S.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John H. Banks
Assistant Attorney General

Hon. Robert S. Calvert, page 8 (M-37)


APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Bill Craig
Neil Williams
Houghton Brownlee
Lewis Berry

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.