

# The Attorney General of Texas

August 4, 1978

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main. Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway. Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza. Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Lee H. Smith, President
Southwest Texas State University
San Marcos, Texas 78666

Opinion No. H-1223

Re: Whether college president may participate in university-sponsored continuing education program for a fee.

Dear Dr. Smith:

You ask whether the President of Southwest Texas State University may accept a fee for participating in a university-sponsored continuing education program.

The continuing education programs are funded by the persons attending them through the payment of a registration fee. Occasionally, members of the university's faculty, staff, and administration are invited to speak at such programs for a fee above the salary provided by contract with the university. The Board of Regents, Texas State University System, has recently promulgated an order authorizing employees of Southwest Texas State to participate in continuing education programs for a fee, limiting the amount of time that might be devoted to such activities, and requiring the approval of the participant's supervisor. University administrators must use vacation time or adjust their working hours for the periods in which they engage in these activities.

You ask whether the President's receipt of a fee for participation in certain seminars violates any of the following provisions:

    1. The standards of conduct of State officers and employees contained in section 8 of article 6252-9(b), V.T.C.S.

    2. Article V, § 1.q. of the current General Appropriations Act.

    3. Prohibitions against dual office holding found in article 16, section 40 and article 6252-9a, V.T.C.S.

Article 6252-9b declares the policy that no state officer shall have any interest which is in substantial conflict with the proper discharge of his duties in the public interest. Section 8 of article 6252-9b provides in part:

> (a)  No state officer or state employee should accept or solicit any gift, favor, or service that might reasonably tend to influence him in the discharge of his official duties or that he knows or should know is being offered him with the intent to influence his official conduct.
>
> . . . .
>
> (c)  No state officer or state employee should accept other employment or compensation which could reasonably be expected to impair his independence of judgment in the performance of his official duties.

The President's participation in continuing education seminars for compensation raises the possibility that these sections will be violated. However, we cannot determine as a matter of law whether or not this employment would violate section 8 of article 6252-9b. That is a fact question, which requires close scrutiny of the circumstances of the employment. It is for the Regents to determine, in light of the duties of the university president and the policy underlying article 6252-9b. See Attorney General Opinions H-696, H-688 (1975).

Article V, section 1.q. of the General Appropriations Act provides in part:

> None of the funds appropriated to departments and agencies covered in Articles I through IV of this Act shall be expended for payment of salary to any person whose individual line-item exempt salary is being supplemented from other than appropriated funds until a report showing the amount and sources of salary being paid from other sources has been reported to the Secretary of State and Comptroller of Public Accounts.

General Appropriations Act, Acts 1977, 65th Leg., ch. 872, at 3141. The President of Southwest Texas State receives an individual line item exempt salary and is thus subject to this provision. Id. at 3086. See also Educ. Code §§ 51.002(a)(9), 51.006.

However, we do not believe that money received for participation in a continuing education program constitutes a salary supplement. The Texas Supreme Court has noted that "a salary is a fixed compensation for regular work." Wichita County v. Robinson, 276 S.W.2d 509, 513 (Tex. 1954). See also Kolcum v. Board of Education of Woodbridge School Dist., 335 A.2d 618, 621 (Del. Super. 1975) (salary is

compensation for official or professional services or regular work). We believe that article V, section l.q. of the appropriations act concerns the payment of extra compensation for performing the regular duties of the position. See Attorney General Opinion WW-376 (1958). It does not apply to the receipt of compensation for services which constitute no part of employee's duties. We understand from your letter that the President of Southwest Texas State has no duty to participate in continuing education seminars and would not usually take part in them. He participates only at the request of persons organizing the seminar. Thus, any fees received for such participation will not be subject to article V, section l.q.

Article 16, section 40 of the Texas Constitution prohibits the holding of more than one civil office of emolument at the same time. Article 6252-9a, V.T.C.S., concerns circumstances under which nonelective state officers may hold other nonelective offices. See Attorney General Opinion H-5 (1973). We do not believe the President's participation in continuing education seminars would violate either of these provisions. We have said that a university instructor does not hold a civil office of emolument. Letter Advisory No. 137 (1977). The employment at issue here is intermittent. See Letter Advisory No. 63 (1973). Even less than employment as a university instructor can it be said to constitute a civil office of emolument. Thus, without deciding whether the President already holds a civil office of emolument, we can conclude that his work in continuing education programs would not violate prohibitions against dual office holding.

Finally, we direct your attention to section 36.08 of the Penal Code, in order that you may be alert to insure that none of its provisions regarding pecuniary benefits to public servants are violated.

### SUMMARY

The President of Southwest Texas State University is not barred from participation in continuing education programs for a fee by article V, section l.q. of the General Appropriations Act, article 16, section 40 of the Constitution, or article 6252-9a, V.T.C.S. Whether such participation would violate article 6252-9b, V.T.C.S., is a fact question for the Regents to resolve.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn