Mr. Kenneth H. Ashworth Coordinating Board Texas College University System P. O. Box 12788, Capitol Station Austin, Texas 78711
Re: Award of merit pay increase by coordinating board
Dear Mr. Ashworth:
You ask whether the Coordinating Board of the Texas College and University System may use appropriated funds to grant merit bonuses in lieu of merit base salary increases. That is, whether the board may recognize superior performance by the award of a one-time payment or payments over a limited number of months rather than by a permanent increase in base salary.
The board's appropriation is found in article III of the 1981-82 General Appropriations Act. Acts 1981, 67th Leg., ch. 875, at 3725. Article III, section 22 of that act applies to `agencies of higher education' not covered by section 1, article V of the act. Section 22 provides in pertinent part:
 Funds are provided in the appropriations made to those agencies covered by this section in sufficient amounts to permit annual salary increases as follows:
 (a) All regular employees, excluding ranked faculty in the ranks of Professor, Associate Professor, Assistant Professor and Instructor in the general academic universities; professional positions in the Texas A M Services; and faculty and professional positions in the health science centers and other medical education programs, shall receive a minimum annual salary increase of 14.3% in fiscal 1982 and 8.7% in fiscal 1983. Such increase shall be in addition to the salary rates as of January 31, 1981, and shall apply to only those salaries paid from funds hereinabove appropriated.
 (b) Funds are provided in the appropriations to agencies covered in this section to permit salary increase in fiscal 1982 of 17.06% and 8.7% in fiscal 1983 for all employees excluded by the preceding section. Salary increases for these employees are to be awarded on the basis of merit and performance in accepted activities including teaching, research and service. Such increases, if any, are in addition to the salary rates as of January 31, 1981, and shall apply to only those salaries paid from funds hereinabove appropriated.
 It is expressly provided that institutional administrators may grant merit salary increases to employees whose job performance and productivity is consistently above that normally expected or required. (Emphasis added).
Article V, section 1 of the General Appropriations Act does not apply to the board. That section speaks specifically to the issue of merit pay increases for covered agencies. The boars is not, however, exempt from the terms of article V, section 2 of the act. Subsection a of that section provides that:
 All annual salaries appropriated by this Act . . . shall be paid in twelve (12) equal monthly installments, except as otherwise provided in Article II of this Act.
Cf. General Appropriations Act, Acts 1981, 67th Leg., ch. 875, art. III, § 8c, at 3719 (nine month employees). The Texas Supreme Court has noted that `a salary is a fixed compensation for regular work.' Wichita County v. Robinson, 276 S.W.2d 509, 513 (Tex. 1955); see also Attorney General Opinion H-1223 (1978). Webster's Third International Dictionary defines salary as `fixed compensation paid regularly . . . for services. . . .' Cf. General Appropriations Act, Acts 1981, 67th Leg., ch. 875, art. V, § 1d, at 3791 (merit salary increases to be given on a monthly basis).
Article III, section 22 speaks of `annual salary increases;' while article V, section 2a requires that salaries be paid in equal monthly installments. We believe this statutory language, with the judicial definition of salary, requires us to conclude that the board may not grant one-time bonuses in lieu of merit increases to base salary. The board must either maintain existing salary levels or increase base pay in recognition of exceptional service.
 SUMMARY
The provisions of the General Appropriations Bill for 1981-82 fiscal years preclude the payment of one-time merit pay bonuses.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Carl Glaze Assistant Attorney General