

# The Attorney General of Texas

March 22, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Kenneth H. Ashworth
Coordinating Board
Texas College & University System
P. O. Box 12788, Capitol Station
Austin, Texas   78711

Opinion No. MW-459

Re:   Award   of   merit   pay
increases   by   coordinating
board

Dear Mr. Ashworth:

You ask whether the Coordinating Board of the Texas College and University System may use appropriated funds to grant merit bonuses in lieu of merit base salary increases. That is, whether the board may recognize superior performance by the award of a one-time payment or payments over a limited number of months rather than by a permanent increase in base salary.

The board's appropriation is found in article III of the 1981-82 General Appropriations Act. Acts 1981, 67th Leg., ch. 875, at 3725. Article III, section 22 of that act applies to "agencies of higher education" not covered by section 1, article V of the act. Section 22 provides in pertinent part:

> Funds are provided in the appropriations made to those agencies covered by this section in sufficient amounts to permit <u>annual salary increases as follows</u>:
>
> (a) All regular employees, excluding ranked faculty in the ranks of Professor, Associate Professor, Assistant Professor and Instructor in the general academic universities; professional positions in the Texas A & M Services; and faculty and professional positions in the health science centers and other medical education programs, shall receive a minimum annual salary increase of 14.3% in fiscal 1982 and 8.7% in fiscal 1983. Such increase shall be in addition to the salary rates as of January 31, 1981, and shall apply to only those salaries paid from funds hereinabove appropriated.

>     (b)  Funds are provided in the appropriations
> to agencies covered in this section to permit
> salary increase in fiscal 1982 of 17.06% and 8.7%
> in fiscal 1983 for all employees excluded by the
> preceding section.  Salary increases for these
> employees are to be awarded on the basis of merit
> and performance in accepted activities including
> teaching, research and service.  Such increases,
> if any, are in addition to the salary rates as of
> January 31, 1981, and shall apply to only those
> salaries paid from funds hereinabove appropriated.
>
>     It is expressly provided that institutional
> administrators may grant merit salary increases to
> employees whose job performance and productivity
> is consistently above that normally expected or
> required.  (Emphasis added).

Article V, section 1 of the General Appropriations Act does not apply to the board.  That section speaks specifically to the issue of merit pay increases for covered agencies.  The board is not, however, exempt from the terms of article V, section 2 of the act.  Subsection a of that section provides that:

>     All annual salaries appropriated by this Act...
>     shall be paid in twelve (12) equal monthly
>     installments, except as otherwise provided in
>     Article II of this Act.

Cf. General Appropriations Act, Acts 1981, 67th Leg., ch. 875, art. III, §8c, at 3719 (nine month employees).  The Texas Supreme Court has noted that "a salary is a fixed compensation for regular work." Wichita County v. Robinson, 276 S.W.2d 509, 513 (Tex. 1955); see also Attorney General Opinion H-1223 (1978).  Webster's Third International Dictionary defines salary as "fixed compensation paid regularly... for services...."  Cf. General Appropriations Act, Acts 1981, 67th Leg., ch. 875, art. V, §1d, at 3791 (merit salary increases to be given on a monthly basis).

Article III, section 22 speaks of "annual salary increases;" while article V, section 2a requires that salaries be paid in equal monthly installments.  We believe this statutory language, with the judicial definition of salary, requires us to conclude that the board may not grant one-time bonuses in lieu of merit increases to base salary.  The board must either maintain existing salary levels or increase base pay in recognition of exceptional service.

S U M M A R Y

The provisions of the General Appropriations Bill for 1981-82 fiscal years preclude the payment of one-time merit pay bonuses.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Carl Glaze
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Shawn Jamail
Jim Moellinger