

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

June 7, 2000

The Honorable Michael G. Mask
Jack County Attorney
Courthouse, Third Floor
Jacksboro, Texas 76458

Opinion No. JC-0227

Re:  Whether a county may pay the employer's share of employment taxes on state "supplemental salary compensation" paid to a county attorney pursuant to section 46.0031 of the Government Code from the state-provided funds  (RQ-0166-JC)

Dear Mr. Mask:

The Seventy-sixth Legislature adopted a new statute, section 46.0031 of the Government Code, providing for state-paid "supplemental salary compensation" for county attorneys. You ask, in essence, whether a county may pay the employer's share of employment taxes on this "supplemental salary compensation" from the state-provided funds. We conclude that a county may not pay the employer's share of employment taxes on the "supplemental salary compensation" from the state-provided funds.

As you note, the Seventy-sixth Legislature enacted several bills supplementing the salaries of certain county judges[1] and county attorneys.[2] *See* Letter from Honorable Michael G. Mask, to Honorable John Cornyn, Texas Attorney General, at 1 (Dec. 21, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. Your first question is as follows:

> May a county commissioners court regard a state legislated and appropriated salary supplement directed to a county or precinct elected official or employee as being inclusive of the matching cost associated with county benefit[s] and related payroll matching expenses when the legislation authorizing the supplement does not specify otherwise?

*Id.* We gather you are concerned about whether such state-provided supplements may be used to pay the employer's share of employment taxes that are paid for by both the employee and the employer,

---

[1]*See* House Bill 1123, Act of May 30, 1999, 76th Leg., R.S., ch. 1572, 1999 Tex. Gen. Laws 5404; House Bill 3211, Act of May 30, 1999, 76th Leg., R.S., ch. 1467, §§ 1.08-.09, 1999 Tex. Gen. Laws 4996, 5001.

[2]*See* House Bill 804, Act of May 26, 1999, 76th Leg., R.S., ch. 1570, § 1, 1999 Tex. Gen. Laws 5392.

such as Federal Insurance Contributions Act ("FICA") taxes for social security coverage. *See generally* 26 U.S.C. ch. 21 (1994) (FICA); *see also* TEX. GOV'T CODE ANN. ch. 606, subch. B (Vernon 1994 & Supp. 2000) (authorizing political subdivision to make FICA contributions under an agreement to obtain social security coverage). Although the introduction to your query mentions the county judge supplement and your first question speaks generally of state supplements for "a county or precinct elected official or employee," most of your letter focuses on House Bill 804 and, more particularly, its provisions establishing a state supplement for county attorneys. *See* Request Letter at 1-2. For this reason, we limit our analysis to the state supplement for county attorneys.

The Seventy-sixth Legislature amended chapter 46 of the Government Code in House Bill 804 to provide state supplemental salary compensation for a "county prosecutor," *i.e.* "a constitutional county attorney who does not have general felony jurisdiction and who is not a state prosecutor." TEX. GOV'T CODE ANN. § 46.001(1) (Vernon Supp. 2000) (as amended by Act of May 26, 1999, 76th Leg., R.S., ch. 1570, § 1, 1999 Tex. Gen. Laws 5392). House Bill 804 added section 46.0031 of the Government Code, which provides in pertinent part:

> (a) Except as provided by Subsection (b), each county that has a county prosecutor is entitled to receive from the state supplemental salary compensation to be paid by the county to the county prosecutor. . . . A county with no county prosecutor is not entitled to receive the salary supplement funds provided by this section.
>
> . . . .
>
> (c) If the receipt of compensation under this section causes the gross salary of a county prosecutor to exceed the benchmark salary, or if any amount of the compensation is waived by the prosecutor, the excess or waived amount shall be used for expenses of the county prosecutor's office.
>
> (d) At least annually the comptroller shall pay to the salary fund of each county that is entitled to receive funds under this section an amount authorized under this section to supplement the salary of the county prosecutor.
>
> (e) A county attorney who does not have criminal prosecution duties or who has criminal prosecution duties only upon request of the district attorney is entitled to receive from the state supplemental salary compensation that is equal to one-half the amount the county attorney would be eligible for under Subsection (a) or (b). The remainder of the supplement shall be used for expenses of the county attorney's office. This subsection does not apply to a county attorney

> who is responsible for the prosecution of juvenile justice cases under Title 3, Family Code.

*Id.* § 46.0031. In addition, House Bill 804 amended section 46.006 to provide:

> (a) It is the purpose of this chapter to increase the effectiveness of law enforcement in this state and to increase the funds available for use in prosecution at both the felony and misdemeanor levels.

> (b) The commissioners court in each county that has a prosecutor subject to this chapter may not reduce the county funds provided for the salary or office of the prosecutor as a result of the funds provided by this chapter.

*Id.* § 46.006.

Section 46.0031 does not expressly address whether the county must pay the employer's share of employment taxes on this "supplemental salary compensation" from county funds or whether it may use the state-provided funds to pay the taxes. Furthermore, the section 46.006(b) limitation on reducing county funding for the salary or office of the county attorney falls short of a mandate that the county increase such funding. It does not resolve whether the state-provided funds may be used to pay the employer's share of employment taxes on the state supplement or whether county funds must be used for this purpose.

Texas courts do not appear to have addressed the issue of whether a state-provided supplement of this kind may be used to pay the employer's share of employment taxes. Although this office has addressed whether employer FICA contributions are included in an officer's salary on several occasions, in each case a statute specifically resolved the issue. *See* Tex. Att'y Gen. Op. No. JM-322 (1985) (because former article 695h of the Revised Civil Statutes specifically excluded state-paid FICA contributions from the salary of a district judge, the FICA contributions were not to be used in calculating district judge's salary as basis for determining salaries of county court judges); Tex. Att'y Gen. LO-95-074 (whether "total salary" of judge included employer FICA contributions depended upon wording of statute); LO-93-19 (term "minimum annual salary" of judge in former Government Code section 25.0005 included portion of judge's FICA contribution paid by state or county). Thus, we are not aware of any legal precedent that would provide guidelines regarding whether state funds appropriated for salary supplements for county officers may be used for the county's share of employment taxes.

We resolve your question by reference to the general statutory scheme and the legislative history of section 46.0031. Federal law provides that both the employer and the employee pay a share of the tax for old-age, survivors, and disability insurance. *See* 26 U.S.C. §§ 3101 (tax on employee), 3111 (tax on employer) (1994). Subchapter B of chapter 606 of the Government Code authorizes political subdivisions in this state to pay the employer's share of taxes in order to obtain

social security coverage for their employees. *See* TEX. GOV'T CODE ANN. § 606.027 (Vernon 1994) (political subdivision pays matching contribution); *see also id.* §§ 606.001(3)(A) (defining "political subdivision" to include a county), .021(1) (defining "employee" to include an officer of a political subdivision), .026 (a) ("The governing body of a political subdivision may make contributions under an agreement to obtain social security coverage."); Tex. Att'y Gen. Op. No. V-1198 (1951) at 6 (provisions of former article 695g of the Revised Civil Statutes, now Government Code chapter 606, subchapter B, place financial responsibility on participating counties and cities). We believe that these statutes create a presumption that the public employer will pay the employer's share of the tax, just as the public employee will pay the employee's share.

The effect of using state funds appropriated for the state salary supplement to pay for the employer's share of employment taxes on the supplement would be to shift the burden of those taxes from the employer to the employee. Given the presumption in state and federal law that a public employer will pay the employer's share of employment taxes, we believe an express legislative statement is necessary to shift responsibility for the employer's share of the employment taxes on a state salary supplement from the employer to the employee. Section 46.0031 contains no such express statement. Therefore, we conclude that the legislature did not intend the state funds provided for the county attorney salary supplement to be used to pay the employer's share of employment taxes on the salary supplement and that other funds must be used to pay those taxes.

Furthermore, we note that the legislative history supports the conclusion that the legislature did not intend for the state-provided funds to be used to pay for the county's share of employment taxes on the salary supplement. As you point out, the House Committee on Judicial Affairs amended the introduced version of House Bill 804 to insert the term "salary" in the phrase "state supplemental compensation" to create the phrase "state supplemental *salary* compensation" in the house committee report. *Compare* Tex. H.B. 804, 76th Leg., R.S. (1999) (as Introduced, Jan. 20, 1999), *with* Tex. H.B. 804, 76th Leg., R.S. (1999) (House Committee Report, Apr. 20, 1999). We agree that this amendment is significant. The terms "salary" and "compensation" have different meanings in certain contexts. As a general rule, "compensation" is a more comprehensive term than "salary," *see* Tex. Att'y Gen. Op. Nos. DM-337 (1995); M-408 (1969), and includes both salary and nonmonetary benefits, such as an employer's contributions toward insurance, retirement, or social security coverage, *see id.*; *see also Byrd v. City of Dallas*, 6 S.W.2d 738, 740 (Tex. 1928) (describing participation in pension plan as part of city employee's compensation). Salary, on the other hand, is a subset of compensation and generally does not include such nonmonetary benefits. *See* Tex. Att'y Gen. Op. Nos. DM-337 (1995); M-408 (1969); *see also Wichita County v. Robinson*, 276 S.W.2d 509, 513-14 (Tex. 1954) (defining "salary" as a fixed compensation for regular work).

Given the special, more limited meaning of the term "salary," we believe that the legislature's insertion of this term into House Bill 804 indicates that the legislature intended that the state-provided funds be used for salary and not for non-monetary benefits such as the county's share of employment taxes. The legislative testimony and debates do not indicate a contrary intent. *See Hearings on Tex. H.B. 804 Before the House Comm. on Judicial Affairs*, 76th Leg., R.S. (Apr. 12, 1999); *Debate on Tex. H.B. 804 on the Floor of the House*, 76th Leg., R.S. (May 7, 1999); *Debate*

*on Tex. H.B. 804 on the Floor of the House*, 76th Leg., R.S. (May 8, 1999); *Hearings on Tex. H.B. 804 Before the Senate Comm. on Finance*, 76th Leg., R.S. (May 12, 1999); *Debate on Tex. H.B. 804 on the Floor of the Senate*, 76th Leg., R.S. (May 21, 1999). Furthermore, the fiscal notes on House Bill 804 prepared by the Legislative Budget Board do not address the issue of employment taxes. Although two early fiscal notes stated that the bill would have "[n]o fiscal implication to units of local government," FISCAL NOTE, Tex. H.B. 804, 76th Leg., R.S. (Apr. 8, 1999); FISCAL NOTE, Tex. H.B. 804, 76th Leg., R.S. (Apr. 14, 1999), the third and final fiscal note stated that the bill would have "[n]o *significant* fiscal implication to units of local government," FISCAL NOTE, Tex. H.B. 804, 76th Leg., R.S. (May 11, 1999) (emphasis added), thus indicating that the bill might have some minor fiscal implication for counties.

In sum, section 46.0031 of the Government Code does not permit a county to pay the employer's share of employment taxes on the state supplement for a county attorney from the state-provided funds. Furthermore, we note that a county may not "reduce the county funds provided for the salary or office of the [county attorney] as a result of the funds" provided by chapter 46 for the state supplement. TEX. GOV'T CODE ANN. § 46.006(b) (Vernon Supp. 2000). A county's provision for paying the employer's share of employment taxes on the state supplement must be consistent with this limitation.

You also ask whether it is within the constitutional authority of the legislature "to grant salary supplements to county elected or appointed officials or county employees that would increase the count[y's] payroll matching cost of benefits and other payroll expenses." Request Letter at 1. Article V, section 21 of the Texas Constitution expressly provides that "[t]he Legislature may . . . make provision for the compensation of . . . County Attorneys." TEX. CONST. art. V, § 21. This provision authorizes the legislature to provide a state salary supplement for county attorneys and to require counties to pay the employer's share of employment taxes on the supplement. A legislative act that has the effect of requiring a county to pay the county's share of employment taxes on a state salary supplement with county funds does not offend the constitution.

## S U M M A R Y

Section 46.0031 of the Government Code does not permit a county to pay the employer's share of employment taxes on state "supplemental salary compensation" for a county attorney from the state-provided funds. The legislature is authorized under the Texas Constitution to require a county to pay the county's share of employment taxes on the state salary supplement from county funds. *See* TEX. CONST. art. V, § 21 ("The Legislature may . . . make provision for the compensation of . . . County Attorneys.").

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee