

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 4, 1971

Hon. John A. Traeger
Chairman, Constitutional
  Amendments Committee
House of Representatives
P. O. Box 100, Capitol Station
Austin, Texas 78767

Dear Mr. Traeger:

Opinion No. M-848

Re: Construction of proposed
amendments to Section 48a
of Article III of the Con-
stitution of Texas relating
to the Teacher Retirement
System of Texas.

    Your request for an opinion on the above subject matter [1]
asks the following questions:

> "1. Would S.J.R. 9, if passed by a two-
> thirds majority of both Houses of the Legis-
> lature and approved by the electorate at the
> general election in November, 1972, revive
> Section 7 of S.B. 292, 60th Legislature,
> Regular Session, 1967 (V.C.S. Article 2922-11)?
>
> "2. If the provisions of both S.J.R. 2
> and S.J.R. 9 should pass at the election in
> November, 1972, would one invalidate the pro-
> visions of the other?"

    Section 48a of Article III of the Constitution of Texas
provides in part:

> ". . . no person shall be eligible for
> retirement who has not rendered ten (10) years
> of creditable service in such employment, . . ."

The proposed amendment by S.J.R. 2 would reduce the ten-year
minimum service requirement to five years.

    Section 48a further provides:

> ". . . the recipients of such retirement
> fund shall not be eligible for any other state

---

[1] Both S.J.R. 9 and S.J.R. 2 are pending in the 62nd Leg., R.S.,
1971.

pension retirement funds or direct aid from the
State of Texas, unless such other state pension
or retirement fund, contributed by the state,
is released to the State of Texas as a condition
to receiving such other pension aid; . . ."

The proposed amendment by S.J.R. 9 would remove the last quoted
provision from Section 48a.

In Attorney General's Opinion M-196 (1968) it was held
that Section 7 of Article 2922-11, Vernon's Civil Statutes (Op-
tional Retirement Program for Teachers) violated the last quoted
provision of Section 48a of Article III, Constitution of Texas.
The amendment to Section 48a proposed by S.J.R. 9 would remove
from the Constitution such prohibition, but would contain the
prohibition that "no person shall be eligible for retirement who
has not rendered ten (10) years of creditable service in such em-
ployment."

The proposed amendment to Section 48a by S.J.R. 2 would
reduce the ten-year requirement to five years creditable service,
but would not remove the prohibition relating to receiving benefits
from more than one retirement fund.

Therefore you are advised that if S.J.R. 9 is adopted by
the people and S.J.R. 2 is not adopted, the prohibition relating to
the receiving of State retirement funds from more than one retirement
fund would no longer be contained in the Constitution, and Section 7
of Article 2922-11, Vernon's Civil Statutes, would no longer be in-
valid.  Since Section 7 has not been judicially[2] determined to be
invalid, it is our opinion that if the prohibition referred to in
Attorney General's Opinion M-196 (1968) is removed from the Texas
Constitution, Section 7 would be in full force and effect.  If, on
the other hand, S.J.R. 2 is adopted by the people, such prohibition
would remain in the Constitution of Texas and Section 7 would be in
violation of Section 48a as amended by S.J.R. 2 for the reasons stated
in Attorney General's Opinion M-196.  Likewise, if S.J.R. 9 is

_____

[2] Opinions of the Attorney General are not judicial declarations
of the law as are opinions of the Courts.  His opinions are ad-
visory only.  Article 4399, V.C.S.  While they may be disregarded
as not having the force of law (Opin. No. 0-7234-A, 1946), on the
other hand they will be given great weight by the courts unless
clearly wrong.  San Antonio Union Junior College District v. Daniel,
146 Tex. 241, 206 S.W.2d 995 (1947); 53 Tex.Jur.2d 262-263, Statutes,
177. Failure to follow the opinion of the Attorney General may be
evidence of lack of good faith (Opin.No. 0-4715, 1942), while one who
does in good faith follow such an opinion may be entitled to receive
favorable consideration by the courts which he would not otherwise
receive.  Wichita County v. Robinson, 155 Tex. 1, 276 S.W.2d 509, 515
517; Opin. No. WW-671 (1959).

adopted, no person who has not rendered ten years of creditable service in the employment of the public schools, colleges and universities, supported wholly or partially by the State, shall be eligible for retirement for the reason that Section 48a of Article III, as amended by S.J.R. 9 would contain such prohibition.

Therefore, in answer to your second question, you are advised that if both S.J.R. 2 and S.J.R. 9 are adopted by the people, the ten-year requirement contained in Section 48a as then amended by S.J.R. 9, would apply as well as the prohibition against receiving State pension retirement funds from more than one retirement fund would apply. If both S.J.R. 2 and S.J.R. 9 were to be adopted, no constitutional change would be effected.

## S U M M A R Y

S.J.R. 2 and S.J.R. 9 propose two different amendments to Section 48a of Article III of the Constitution of Texas, relating to the Teacher Retirement System of Texas. If S.J.R. 9 is adopted and S.J.R. 2 is not adopted, the prohibition currently contained in Section 48a, ". . . the recipients of such retirement fund shall not be eligible for any other state pension retirement funds or direct aid from the State of Texas, unless such other state pension or retirement fund, contributed by the state, is released to the State of Texas as a condition to receiving such other pension aid; . . .", will be removed from the Constitution of Texas. If S.J.R. 2 is also adopted, however, such provision will not be removed from the Constitution of Texas.

If S.J.R. 9 is not adopted, the ten-year minimum service requirement for eligibility under the Teacher Retirement System will be reduced from ten to five years. If S.J.R. 9 is also adopted, however, the ten-year minimum service requirement will remain in the Constitution of Texas.

If both S.J.R. 2 and S.J.R. 9 were to be adopted, no constitutional change would be effected.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Houghton Brownlee
J. C. Davis
Bob Lattimore
Max Hamilton

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant