

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 16, 1992

Honorable David Cain
Chairman
Transportation Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78769

Opinion No. DM-191

Re: The withdrawal and reconsideration of Attorney General Opinion DM-17 (1991) (RQ-468)

Dear Representative Cain:

You have asked this office to withdraw and reconsider Attorney General Opinion DM-17 (1991). In that opinion, we addressed whether the Open Meetings Act, V.T.C.S. article 6252-17, permitted the Houston Metropolitan Transit Authority (METRO) to hold a closed session to review proposals submitted in response to METRO's "Request for Proposals for a Fixed Guideway Transit System." During this session, the board reviewed the proposals by listening to presentations by the proposers. The board members did not discuss the proposals among themselves and did not make any decisions. The board held the meeting in private to permit the proposers to present proprietary information to the board members all at once. We concluded that briefing sessions, such as this one, did not constitute meetings within the meaning of the Open Meetings Act and, thus, could be held in private without giving public notice. We now overrule that decision.

Before the 1987 amendments to the Open Meetings Act, a meeting subject to the act was held when a quorum of members of a governmental body was present and the members took any formal action or engaged in a verbal exchange among themselves about the public business or policy over which the body had jurisdiction. Acts 1973, 63d Leg., ch. 31, § 1, at 45 (V.T.C.S. art. 6252-17, § 1(a), (b)).[1] Thus, the members of a governmental body could meet privately to receive information from and ask questions of

---

[1] Before the 1987 amendments, article 6252-17, section 1(a) stated, in relevant part:

> "Meeting" means any deliberation between a quorum of members of a governmental body at which any public business or public policy over which the governmental body has supervision or control is discussed or considered, or at which any formal action is taken.

Acts 1973, 63d Leg., ch. 31, § 1, at 45. "Deliberation" was defined as "a verbal exchange between a quorum of members of a governmental body attempting to arrive at a decision on any public business." *Id.*

their employees or other third parties so long as they did not discuss any public business among themselves. *See* Attorney General Opinion JM-248 (1984); *see also The Pea Picker, Inc. v. Reagan*, 632 S.W.2d 674 (Tex. App.--Tyler 1982, writ ref'd n.r.e.). This type of briefing session was not a "meeting" covered by the Open Meetings Act, and therefore, a governmental body could convene without admitting the general public. Attorney General Opinion JM-248 at 2.

In 1987, however, the legislature amended the definitions of "meeting" and "deliberation." The definition of "meeting" now reads, in relevant part:

> "Meeting" means any deliberation between a quorum of members of a governmental body, *or between a quorum of members of a governmental body and any other person*, at which any public business or public policy over which the governmental body has supervision or control is discussed or considered, or at which any formal action is taken.

V.T.C.S. art. 6252-17, § 1(a) (emphasis added). The definition of "deliberation" now includes "a verbal exchange . . . between a quorum of members of a governmental body and any other person," as well as "a verbal exchange . . . between a quorum of members of a governmental body." *Id.* § 1(b).

Our decision in Attorney General Opinion DM-17 essentially read these amendments out of the statute. Because the new language in both definitions includes the phrase "between a quorum of members of the governmental body," we concluded that a meeting covered by the Open Meetings Act still had to involve deliberations among the members of the governmental body.[2] However, the previous definitions of "meeting" and "deliberation" were broad enough to encompass briefing sessions at which the members of a governmental body discuss business among themselves and with third parties. Therefore, this reading of the amendments rendered them meaningless.

We overrule Attorney General Opinion DM-17, in part, to give the 1987 amendments to sections 1(a) and 1(b) of the Open Meetings Act some meaning. We must presume that the legislature intends to make some change in the existing law when it

---

[2]Before the 1987 amendments, the phrase "between a quorum of members of a governmental body" quite clearly referred to deliberations or verbal exchanges among the members of a governmental body when a quorum was present. Therefore, in Attorney General Opinion DM-17, we interpreted the phrase "between a quorum of members of a governmental body and any other person" to require a three-way conversation: the members of the governmental body must deliberate among themselves and with at least one third party.

adopts an amendment, and we must give effect to that change. *Travenol Lab., Inc. v. Bandy Lab., Inc.*, 608 S.W.2d 308, 314 (Tex. Civ. App.--Waco 1980, writ ref'd n.r.e.). Therefore, we now conclude that after the 1987 amendments, a meeting covered by the Open Meetings Act no longer must involve deliberations between the members of a governmental body when a quorum of members is present. Rather, a governmental body also holds a meeting covered by the Open Meetings Act when a quorum of members is present and meets with a third party about the public business or policy over which the body has jurisdiction.

The addition of section 2(r) to the act in 1987 provides further evidence that the legislature intended to include briefing sessions in the definition of "meeting." This section provides as follows:

> Nothing in this Act shall be construed to require a quorum of the members of a governmental body to confer with an employee or employees of the governmental body in an open meeting where such conference is for the sole purpose of receiving information from the employee or employees or to ask questions of the employee or employees; provided, however, that no discussion of public business or agency policy that affects public business shall take place between members of the governmental body during the conference.

*Id.* § 2(r) (as added by Acts 1987, 70th Leg., ch. 549, § 2). This section creates a specific exception for briefing sessions between the members of a governmental body and their employees. *See* Attorney General Opinion JM-1058 (1989). If the amendments to sections 1(a) and 1(b) were not intended to make the definition of "meeting" encompass briefing sessions, then the addition of section 2(r) to the act was unnecessary.

Although we now interpret the Open Meetings Act to encompass briefing sessions between the members of a governmental body and third parties other than employees, we also reaffirm the decision in Attorney General Opinion JM-1058. In that opinion, we concluded that briefing sessions in which the members of a governmental body receive information from and ask questions of an employee or employees without engaging in any discussion among themselves do not constitute meetings under the Open Meetings Act. This conclusion is based on our reading of section 2(r), rather than our reading of sections 1(a) and 1(b). Therefore, it survives our reinterpretation of sections 1(a) and 1(b).

Although this opinion changes the result reached under Attorney General Opinion DM-17, we do not believe that members of governmental bodies will be subject to the penalties contained in the Open Meetings Act for acting in accordance with Attorney General Opinion DM-17 prior to issuance of this opinion. To be subject to the criminal penalties contained in section 4 of the act, a member of a governmental body has to engage in a knowing violation of the act. V.T.C.S. art. 6252-17, § 4. Knowing conduct

occurs when a person is aware that the conduct is reasonably certain to cause the unlawful result. SEARCY & PATTERSON, *Practice Commentary*, Penal Code § 6.03(b) (Vernon 1974). Absent other facts, we do not believe a member of a governmental body would violate the Open Meetings Act when that member was acting in accordance with an opinion of the attorney general. In addition, the Texas Supreme Court has held that government officials act in good faith when they rely on the advice of the attorney general. *Wichita County v. Robinson*, 276 S.W.2d 509, 516 (Tex. 1954) (opinion on motion for rehearing).

## S U M M A R Y

This opinion overrules Attorney General Opinion DM-17 (1991). After the 1987 amendments to the Open Meetings Act, a "meeting" subject to the act includes a briefing session in which a quorum of members of the governmental body is present and meets with a third party, other than an employee, about the public business or policy over which the body has jurisdiction. However, section 2(r) of V.T.C.S. article 6252-17, as added by Acts 1987, 70th Leg., ch. 549, § 2, continues to exclude from the definition of meeting briefing sessions between the members of a governmental body and that body's employees. Therefore, the members of a governmental body may consult with their employees in private, but may not consult with other third parties in private.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Margaret A. Roll
Assistant Attorney General