ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 3, 2005

The Honorable Will Hartnett                    Opinion No.  GA-0364
Chair, Committee on the Judiciary
Texas House of Representatives                 Re: Whether constables may receive, in addition to
Post Office Box 2910                           their salaries, fees for delivering notices required
Austin, Texas 78768-2910                       by Property Code section 24.005   (RQ-0337-GA)

Dear Representative Hartnett:

Section 154.005(d) of the Local Government Code provides that a constable may receive, in addition to his or her salary, "all fees, commissions, or payments for delivering notices required by Section 24.005, Property Code, relating to eviction actions." TEX. LOC. GOV'T CODE ANN. § 154.005(d) (Vernon 1999). You ask two questions related to these fees. You first ask, "What are the notices 'required by Section 24.005, Property Code, relating to eviction actions' for purposes of Section 154.005 of the Local Government Code?"[1] Second, given the constitutional requirement that fees earned by constables "shall be paid into the county treasury," TEX. CONST. art. XVI, § 61(d), you ask, "What fees, commissions, or payments may a constable retain for himself?" Request Letter, *supra* note 1.

I.      **Legal Background**

Before answering your questions, we briefly review the statutory scheme. Section 24.005 of the Property Code requires a landlord to give a tenant written notice to vacate before filing an eviction suit, a forcible detainer suit, or a forcible entry and detainer suit. *See* TEX. PROP. CODE ANN. § 24.005(a)-(d) (Vernon 2000). Such a notice, a letter from landlord to tenant, may be given in person or by mail. *See id.* § 24.005(f). A notice to vacate is not official process issued by a court and there is no requirement that a notice to vacate be delivered by a constable. *See id.*[2] Indeed, prior

---

[1]Letter from Honorable Will Hartnett, Chair, Committee on the Judiciary, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (Apr. 6, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Section 24.005 requires that a notice to vacate "shall be given in person or by mail at the premises" and does not require service by a constable:

        (f) The notice to vacate shall be given in person or by mail at the premises
    in question.  Notice in person may be by personal delivery to the tenant or any

(continued...)

to 1997, attorney general opinions concluded that these written notices were not official process and that constables were not authorized to deliver them or to charge a fee for doing so. *See* Tex. Att'y Gen. Op. No. H-694 (1975) at 2 ("Sheriffs and constables are statutorily required to 'execute' all judicial 'process' and 'precepts' 'directed' to them by legal authority . . . . [T]he eviction notice contemplated by [the statutory predecessor to section 24.005] is not 'process' or a 'precept' issued by legal authority and . . . sheriffs and constables have no duty, authority, or power to 'execute' such notice.") (citation omitted); *see also* Tex. Att'y Gen. LO-97-026 (a constable lacks authority to serve a notice to vacate and a commissioners court may not authorize a constable to serve notices to vacate by purporting to establish a fee for the service).

In 1997, the legislature amended the statute establishing constables' general powers and duties to authorize constables to deliver section 24.005 notices:

> A constable shall execute and return as provided by law each process, warrant, and precept that is directed to the constable and is delivered by a lawful officer. *Notices required by Section 24.005, Property Code, relating to eviction actions are process for purposes of this section that may be executed by a constable.*

TEX. LOC. GOV'T CODE ANN. § 86.021(a) (Vernon Supp. 2004-05) (emphasis added); *see also* Act of May 26, 1997, 75th Leg., R.S., ch. 884, § 1, 1997 Tex. Gen. Laws 2819, 2819 (adding italicized language). At the same time, the legislature amended section 154.005 of the Local Government Code to add subsection (d), which provides as follows:

> A constable may receive, in addition to Subsection (c), all fees, commissions, or payments for delivering notices required by Section 24.005, Property Code, relating to eviction actions. Notices may only be delivered when not in conflict with the official duties and responsibilities of the constable. A constable delivering said notices must not be wearing upon his or her person a uniform or any insignia which would usually be associated with the position of

---

[2](...continued)

person residing at the premises who is 16 years of age or older or personal delivery to the premises and affixing the notice to the inside of the main entry door. Notice by mail may be by regular mail, by registered mail, or by certified mail, return receipt requested, to the premises in question. If the dwelling has no mailbox and has a keyless bolting device, alarm system, or dangerous animal that prevents the landlord from entering the premises to leave the notice to vacate on the inside of the main entry door, the landlord may securely affix the notice on the outside of the main entry door.

(g) The notice period is calculated from the day on which the notice is delivered.

TEX. PROP. CODE ANN. § 24.005(f)-(g) (Vernon 2000).

constable nor may the constable use a county vehicle or county equipment while delivering said notices. For purposes of collecting fees for serving said notices, a constable is considered a private process server.

TEX. LOC. GOV'T CODE ANN. § 154.005(d) (1999), *added by* Act of May 26, 1997, 75th Leg., R.S., ch. 884, § 2, 1997 Tex. Gen. Laws 2819, 2819.

## II.    Analysis

We begin with your question about the fees referred to in section 154.005(d) of the Local Government Code. Because section 154.005(d) provides that a constable may retain "all fees, commissions, or payments for delivering notices required by Section 24.005, Property Code, relating to eviction actions," TEX. LOC. GOV'T CODE ANN. § 154.005(d) (Vernon 1999), you wish to know what notices are "required by Section 24.005, Property Code, relating to eviction actions." Request Letter, *supra* note 1. Section 24.005 of the Property Code requires only one kind of notice, a notice to vacate,[3] which a landlord or person who purchases a foreclosed residential property must give a

---

[3]Section 24.005 of the Property Code provides in pertinent part as follows:

> (a)  If the occupant is a tenant under a written lease or oral rental agreement, *the landlord must give a tenant* who defaults or holds over beyond the end of the rental term or renewal period at least three days' *written notice to vacate* the premises before the landlord files a forcible detainer suit, unless the parties have contracted for a shorter or longer notice period in a written lease or agreement. A landlord who files a forcible detainer suit on grounds that the tenant is holding over beyond the end of the rental term or renewal period must also comply with the tenancy termination requirements of Section 91.001.

> (b)  If the occupant is a tenant at will or by sufferance, *the landlord must give the tenant* at least three days' *written notice to vacate* before the landlord files a forcible detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement. If a building is purchased at a tax foreclosure sale or a trustee's foreclosure sale under a lien superior to the tenant's lease and the tenant timely pays rent and is not otherwise in default under the tenant's lease after foreclosure, the *purchaser must give a residential tenant* of the building at least 30 days' *written notice to vacate* if the purchaser chooses not to continue the lease. The tenant is considered to timely pay the rent under this subsection if, during the month of the foreclosure sale, the tenant pays the rent for that month to the landlord before receiving any notice that a foreclosure sale is scheduled during the month or pays the rent for that month to the foreclosing lienholder or the purchaser at foreclosure not later than the fifth day after the date of receipt of a written notice of the name and address of the purchaser that requests payment. Before a foreclosure sale, a foreclosing lienholder may give written notice to a tenant stating that a foreclosure notice has been given to the landlord or owner of the property and specifying the date of the foreclosure.

(continued...)

tenant or other person possessing the property before filing an eviction suit, a forcible detainer suit, or a forcible entry and detainer suit. *See* TEX. PROP. CODE ANN. § 24.005(a)-(d) (Vernon 2000). Section 154.005(d) of the Local Government Code permits a constable to retain a fee only for delivering a notice to vacate. It does not permit a constable to retain a fee for delivering a notice that is not required by section 24.005, such as a fee for serving a citation in an eviction suit, a forcible detainer suit, or a forcible entry and detainer suit.

Next you wish to know, in essence, whether section 154.005(d), in permitting constables to retain fees for delivering notices to vacate, comports with article XVI, section 61 of the Texas Constitution. Article XVI, section 61 requires that all constables must be compensated on a salary basis:

> In all counties in this State, the Commissioners Courts shall be authorized to determine whether precinct officers shall be compensated on a fee basis or on a salary basis, with the exception that *it shall be mandatory upon the Commissioners Courts, to compensate all* justices of the peace, *constables*, deputy constables and precinct law enforcement officers *on a salary basis*.

TEX. CONST. art. XVI, § 61(b) (emphasis added). Moreover, "[a]ll fees earned by district, county and precinct officers shall be paid into the county treasury where earned for the account of the proper fund." *Id.* § 61(d). Consistent with this directive, section 154.003 of the Local Government Code provides that "[a] district, county, or precinct officer who is paid an annual salary shall charge and collect in the manner authorized by law all fees, commissions, and other compensation permitted for official services performed by the officer. The officer shall dispose of the collected money as provided by Subchapter B, Chapter 113," which requires all fees to be deposited in the county treasury. TEX. LOC. GOV'T CODE ANN. § 154.003 (Vernon 1999); *see also id.* § 113.021(a) ("The fees, commissions, funds, and other money belonging to a county shall be deposited with the county treasurer by the officer who collects the money.").

---

[3](...continued)
> (c) If the occupant is a tenant of a person who acquired possession by forcible entry, *the landlord must give the person* at least three days' *written notice to vacate* before the landlord files a forcible detainer suit.
>
> (d) In all situations in which the entry by the occupant was a forcible entry under Section 24.001, *the person entitled to possession* must give the occupant oral or *written notice to vacate* before the landlord files a forcible entry and detainer suit. The notice to vacate under this subsection may be to vacate immediately or by a specified deadline.
>
> (e) If the lease or applicable law requires the landlord to give a tenant an opportunity to respond to a notice of proposed eviction, a notice to vacate may not be given until the period provided for the tenant to respond to the eviction notice has expired.

*Id.* § 24.005(a)-(e) (emphasis added).

"The purpose of [article XVI, section 61] was to abolish the fee system of compensating the officers named and to place them on a salary basis." *Wichita County v. Robinson*, 276 S.W.2d 509, 513 (Tex. 1954). A statute that permits a salaried officer to retain a fee as compensation in addition to his or her salary violates article XVI, section 61. *See id.* at 515 (holding that statute permitting county tax assessor-collector to retain portion of fee for issuing title certificate as compensation in addition to county salary violated article XVI, section 61).

Whether an official may retain a fee in addition to his or her salary depends upon whether the fee is a fee of office. For example, section 154.005(a) of the Local Government Code expressly permits a justice of the peace to receive fees for performing marriages in addition to a salary, and section 154.005(b) provides that a county judge may do the same. *See* TEX. LOC. GOV'T CODE ANN. § 154.005(a)-(b) (Vernon 1999). A number of attorney general opinions have concluded that justices of the peace and county judges may charge a fee for conducting marriage ceremonies and that the fee need not be deposited in the county treasury. *See* Tex. Att'y Gen. Op. Nos. DM-397 (1996) at 7, JM-22 (1983) at 2, S-70 (1953) at 2. Those opinions rely on the Texas Supreme Court's holding in *Moore v. Sheppard*, 192 S.W.2d 559 (Tex. 1946), that although public officials may not charge fees for performing their official duties, they may charge and keep fees for services that they are not legally obligated to perform. *See id.* at 560 ("The general principle prohibiting public officials from charging fees for the performance of their official duties does not prohibit them from charging for their services for acts that they are under no obligation, under the law, to perform."). In that case, the supreme court concluded that clerks of the courts of appeals were not required to account to the state for money they collected for providing uncertified, unofficial copies of opinions because no statute required the clerks to furnish the copies, no statute fixed a fee for such services, and no statute required the clerks to deposit money they received for the services in the state treasury. *See id.* at 562. As this office recently summarized in Attorney General Opinion GA-0145,

> These attorney general opinions suggest that a fee for conducting a marriage ceremony is not a "fee of office" for purposes of article XVI, section 61 of the Texas Constitution and that section 154.005 is constitutional with respect to the disposition of these fees because article XVI, section 61 does not mandate that a fee for performing a marriage must be deposited in the county treasury. Although the Family Code authorizes justices of the peace and county judges, among others, to conduct a marriage ceremony, *see* TEX. FAM. CODE ANN. § 2.202(a)(4) (Vernon 1998), they are not required to exercise that authority, and no statute establishes a fee for this service. *See* Tex. Att'y Gen. Op. Nos. DM-397 (1996) at 1, JM-22 (1983) at 1, S-70 (1953) at 1.

Tex. Att'y Gen. Op. No. GA-0145 (2004) at 6. By contrast, Attorney General Opinion GA-0145 concluded that section 154.005(a) of the Local Government Code violates article XVI, section 61 to the extent it permits a justice of the peace to receive fees for issuing certified copies of birth and death certificates in addition to his or her annual salary:

> [A] justice of the peace who also serves as local registrar is required to provide certified copies of birth and death certificates, and the fee

> for issuing these records is fixed by law. A fee for issuing a birth or
> death certificate is a justice of the peace "fee of office."

*Id.* (citations omitted).

We conclude that a fee a constable receives for delivering a notice to vacate required by section 24.005 of the Property Code is not a fee of office. First, section 24.005 does not require that a notice to vacate be delivered by a constable. *See supra* note 2. And although section 86.021 of the Local Government Code permits a constable to deliver such notices, it does not require a constable to do so. *See* TEX. LOC. GOV'T CODE ANN. § 86.021(a) (Vernon Supp. 2004-05). Moreover, section 154.005(d) of the Local Government Code expressly provides that delivering such notices is not an official constable duty and prohibits a constable from delivering these notices in an official capacity:

> Notices may only be delivered when not in conflict with the official duties and responsibilities of the constable. A constable delivering said notices must not be wearing upon his or her person a uniform or any insignia which would usually be associated with the position of constable nor may the constable use a county vehicle or county equipment while delivering said notices. For purposes of collecting fees for serving said notices, a constable is considered a private process server.

*Id.* § 154.005(d) (Vernon 1999). In addition, no statute establishes a fee for this service.

In sum, although article XVI, section 61 generally precludes a constable from retaining in addition to his or her salary any fee, that prohibition does not apply to a fee for delivering a notice to vacate required by section 24.005 of the Property Code. Section 154.005(d) of the Local Government Code, in permitting a constable to retain in addition to his or her salary a fee for delivering a notice to vacate required by section 24.005 of the Property Code, does not violate article XVI, section 61. Our conclusion here is limited to a fee for delivering a notice to vacate expressly required by section 24.005 of the Property Code and does not reach any other type of fee a constable collects.

## S U M M A R Y

Section 154.005(d) of the Local Government Code permits a constable to retain in addition to his or her salary a fee for delivering a notice to vacate required by section 24.005 of the Property Code. Article XVI, section 61 of the Texas Constitution precludes a constable from retaining any fee of office in addition to his or her salary. That prohibition does not apply to a fee for delivering a notice to vacate required by section 24.005 of the Property Code, which is not a fee of office.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee